```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

**GARY DALE MOORE**

                                         CIVIL ACTION NO. 2:10-0926
**v.**                                  (Criminal No. 2:07-00023)

**UNITED STATES OF AMERICA**

## MEMORANDUM OPINION AND ORDER

       Pending is movant's motion for reconsideration filed June 22, 2012.

       On January 30, 2007, the United States filed a two-count indictment against movant.  Count One, the only Count relevant to the instant motion, charged his possession of a firearm and ammunition after having been convicted of certain felony offenses, in violation of 18 U.S.C. § 922(g)(1) and the corresponding penalty provision found in 924(a)(2), which provides as follows:

> Whoever knowingly violates subsection . . . (g) . . .
> of section 922 shall be fined as provided in this
> title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(a)(2).

       On October 25, 2007, the presiding judge received movant's guilty plea to that portion of Count One alleging

movant's unlawful possession of ammunition. The plea agreement cautioned that if movant was found "to qualif[y] as an armed career criminal pursuant to 18 U.S.C. § 924(e) ["Armed Career Criminal Act" or "ACCA")], the maximum statutory penalty" would be at least 15 years imprisonment. (Plea agmt. at 3).

On February 22, 2008, the Judgment was entered sentencing movant to, inter alia, 180 months imprisonment. The sentence was based upon a finding that the three predicate state convictions alleged in the federal indictment constituted three violent felonies under the ACCA.

On February 17, 2012, the court entered its Judgment denying movant's section 2255 motion. Movant now contends that the February 17, 2012, Judgment should be set aside. He appears to assert that section 924(a)(2) did not authorize the sentence imposed in this action and that the failure of the indictment to mention section 924(e) requires vacatur of his term of imprisonment.

The line of cases commencing with Apprendi v. New Jersey, 530 U.S. 466 (2000), permits the fact of a prior conviction to be found by a judge at sentencing by a preponderance of the evidence. The rule is rooted in Almendarez-

<u>Torres v. United States</u>, 523 U.S. 224 (1998).  <u>See</u> <u>also</u> <u>United States v. Cheek</u>, 415 F.3d 349, 352-53 (4th Cir. 2005) ("It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt.").

If it is unnecessary for the United States to set forth in the indictment the prior convictions supporting a section 924(e) enhancement, the same is true of the failure to specifically cite the statute therein.  That is especially so in this case, inasmuch as the movant executed a plea agreement reflecting his exposure to a section 924(e) enhanced sentence.

The court, accordingly, ORDERS that the motion for reconsideration be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the United States Magistrate Judge, movant, and all counsel of record.

DATED:  June 27, 2012

_____
John T. Copenhaver, Jr.
United States District Judge